# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| AUSTIN J. PIERPOINT,  )<br> )<br>Movant,  )<br> )<br>v.  )<br> )<br>UNITED STATES OF AMERICA,  )<br> )<br>Respondent.  )<br> )<br> ) | Civ. Case No. 4:23-cv-00408-RK<br>Crim. Case No. 4:18-cr-00347-RK-1 |

## ORDER

Before the Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) After careful consideration and review, and as set out below, the Court **ORDERS** that: (1) Movant's motion to vacate, set aside, or correct sentence (Doc. 1) is **DENIED**; (2) a certificate of appealability is **DENIED**; and (3) this case is **DISMISSED**.

## Background

On August 2, 2019, Movant Austin J. Pierpoint pled guilty to one count of possession of a firearm and ammunition while subject to a court order in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2), and on January 23, 2020, Movant was sentenced to a term of 5 years' probation. (Crim. Docs. 28, 34, 35.)[1] Movant did not appeal his conviction or sentence. On November 15, 2022, the Court revoked Movant's supervised release and sentenced him to a term of 24 months' imprisonment to be followed by 3 years' supervised release. (Crim. Doc. 69.) Movant was represented by retained counsel in the revocation proceedings.

Movant filed a pro se motion to vacate, set aside, or correct sentence on June 12, 2023. (Crim. Doc. 70; Doc. 1.) In his pro se motion to vacate, Movant raises two claims of ineffective assistance of counsel: Ground One – that revocation counsel was ineffective for failing to file an appeal as Movant had requested to raise a challenge to his original conviction under *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), and Ground Two – that revocation counsel was ineffective for failing to file a motion to dismiss the indictment under Rule 12(c)(3)

---

[1] "Crim. Doc." refers to Movant's criminal case, Case No. 4:18-cr-00347-RK-1; "Doc." refers to the instant civil habeas case, Case No. 4:23-cv-00408-RK.

of the Federal Rules of Criminal Procedure, similarly based on the constitutionality of § 922(g)(8) following *Bruen*. Movant argues that based upon *Bruen*, his original conviction under § 922(g)(8) was an "unconstitutional impingement on his Second Amendment right to bear arms."[2] (Doc. 2 at 3-4.)

**Discussion**

28 U.S.C. § 2255(a) provides that an individual in federal custody may file a motion to vacate, set aside, or correct his or her sentence by alleging "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" Unless Movant's motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a movant claiming ineffective assistance of counsel must satisfy two prongs: (1) that movant's "counsel's performance fell below an objective standard of reasonableness," and (2) that the movant "suffered prejudice as a result." *Witthar v. United States*, 793 F.3d 920, 922 (8th Cir. 2015) (citation and quotation marks omitted).

**I. Ground One: Ineffective Assistance of Revocation Counsel for Failure to File Appeal as Instructed**

As to Ground One, Movant states in his verified § 2255 motion that after the revocation hearing and sentencing, he instructed revocation counsel to file an appeal based on *Bruen* to challenge the constitutionality of his original conviction under § 922(g)(8). (Doc. 2 at 2.)

The Eighth Circuit has held that "an attorney's failure to file a requested appeal automatically satisfies the deficient-performance prong." *Witthar*, 793 F.3d at 922 (cleaned up). In other words, when an attorney fails to initiate an appeal when requested by a criminal defendant, "no showing of prejudice is required," but rather *Strickland* "prejudice is presumed." *Id.* at 922.

---

[2] Movant relies on the Fifth Circuit's application of *Bruen* and § 922(g)(8) in *United States v. Rahimi*, 61 F.4th 443 (2023), which was recently reversed by the Supreme Court's decision on June 21, 2024. *United States v. Rahimi*, 144 S. Ct. 1889 (2024),

2

(cleaned up). Moreover, where, as here,[3] a § 2255 movant submits such a claim and the district court receives conflicting statements, an evidentiary hearing is required. *See id.* at 923-24.

Accordingly, with respect to Ground One, the Court appointed counsel to represent Movant pursuant to the Criminal Justice Act and held an evidentiary hearing on April 17, 2024.[4] Following the evidentiary hearing, the Court makes the following findings of fact and conclusions of law.

Movant's revocation counsel credibly testified at the evidentiary hearing that Movant never requested that he file a direct appeal, either at the probation revocation hearing or thereafter. (Tr. at 23-24.) Counsel testified about his extensive experience handling criminal defense matters. (Tr. at 20.) Counsel testified that he was aware of his duty to file an appeal when instructed to do so by his client, and the process for filing an *Anders* brief on appeal. (Tr. at 25-26.) Counsel also credibly testified that he and Movant did not discuss *Bruen*.[5] (Tr. at 36.)

In contrast, Movant testified at the evidentiary hearing that at the conclusion of the probation revocation hearing, he instructed counsel to appeal his conviction because it was Movant's understanding that the crime he plead guilty to was no longer a crime pursuant to *Bruen*. (Tr. at 13-14.) Movant testified that he was not able to reach counsel after the hearing because "the jail's phone in Leavenworth didn't allow me to call that number," and he did not write counsel a letter because he "just didn't honestly think about it." (Tr. at 9, 19.)

Further, Movant claimed that his fiancé tried to get ahold of revocation counsel for him "three or four times," and counsel did not answer. (Tr. at 9.) Movant testified that his fiancé left a voicemail, but counsel never returned her calls. (*Id.*) However, counsel testified that he had substantial contact with Movant's fiancé before and after the revocation hearing. (Tr. at 24-25, 27.) Counsel explained that he received over one hundred text messages from her between August and November 2022; moreover, after the date of the revocation hearing on November 15, 2022, until February 2, 2023, he received twenty-two text messages and two emails from Movant's

---

[3] In a verified motion and a declaration, Movant stated that revocation counsel "never consulted with [Movant] about an appeal" and failed to file an appeal despite Movant instructing him to do so (Docs. 2 at 2, 2-1), and in an affidavit attached to the Government's response to the motion, revocation counsel attests that he and Movant "had a brief conversation in the courtroom after sentencing and [Movant] never asked me to file an appeal," (Doc. 7-1).

[4] The Court determines a hearing is not required as to Ground Two because the motion, files, and record conclusively show that Movant is not entitled to relief on this ground. *See Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014).

[5] *Bruen* was handed down approximately five months before the probation revocation hearing.

3

fiancé. (Tr. at 20, 27-28.) Revocation counsel testified that Movant's fiancé was "asking [him] all kinds of questions about rules that, frankly, [he'd] never heard of." (Tr. at 36.) Counsel researched the questions, and he continued responding to her for three or four months after the revocation hearing. (Tr. at 36-37.) Despite these communications continuing into February 2023, Movant's fiancé also never raised the issue of an appeal. (Tr. at 34.) In his reply brief, Movant's postconviction counsel acknowledges that she has reviewed the messages, and she believes that revocation counsel's testimony regarding their substance was an accurate summary. (Doc. 24 at 2.)

In sum, the testimony of Movant and revocation counsel concerning whether Movant requested that revocation counsel file a notice of appeal stands in direct contrast. The Court finds that revocation counsel's testimony was credible, and Movant's testimony was not credible. Accordingly, Movant has failed to establish that revocation counsel's performance was deficient.

Ground One is **DENIED**.

## II. Ground Two: Ineffective Assistance of Revocation Counsel for Failing to File a Motion to Dismiss

As to Ground Two, Movant states in his verified § 2255 motion that revocation counsel was ineffective for failing to file a motion to dismiss the indictment pursuant to Rule 12(c)(3) based on the constitutionality of § 922(g)(8) following *Bruen*. (Doc. 2 at 3.)

It is well-established that an initial or original conviction may not be collaterally attacked through supervised-release proceedings; rather, the proper (and only) course for challenging an underlying conviction and sentence is through direct appeal or (civil) habeas proceedings. *United States v. Miller*, 557 F.3d 910, 913 (8th Cir. 2009).[6] Revocation counsel was not ineffective, and Movant cannot demonstrate prejudice in the failure to seek dismissal of the original indictment under *Bruen* under these circumstances. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) ("[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance.").[7]

---

[6] Movant cites *United States v. Slay*, 673 F. Supp. 336 (E.D. Mo. 1987), in support of his position that he can collaterally attack his original conviction because of the alleged subsequent unconstitutionality of § 922(g)(8). (Doc. 9 at 3.) *Slay* is inapposite because in that case the defendants challenged their convictions on direct appeal, filing post-trial motions to set aside the jury's guilty verdict and to dismiss the indictment. *Id.* at 344.

[7] In addition, the Court notes that the Supreme Court rejected a facial challenge to § 922(g)(8) in its ruling in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), which was decided after the initial briefing on

4

Ground Two is **DENIED**.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because Petitioner has not met this standard, a certificate of appealability is **DENIED**.

### Conclusion

Accordingly, after careful consideration and for the reasons set out above, the Court **ORDERS** that (1) Movant's motion to vacate, set aside, or correct sentence (Doc. 1) is **DENIED**; (2) a certificate of appealability is **DENIED**; and (3) this case is **DISMISSED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 7, 2024

---

this § 2255 motion. *Id.* at 1902 ("In short, we have no trouble concluding that Section 922(g)(8) survives Rahimi's facial challenge."). The Supreme Court left "open the question whether the statute might be unconstitutional as applied in particular circumstances." *Id.* at 1909 (quotation marks and citation omitted). As a general rule, counsel is not ineffective for failing to raise a novel argument based on unsettled legal questions or to anticipate "a rule of law that has yet to be articulated by the governing courts." *Ragland v. United States*, 756 F.3d 597, 601 (8th Cir. 2014) (citations and quotation marks omitted); *see Gilpin v. United States*, No. 22-04158-CV-C-RK-P, 2023 WL 387049, at *4 (W.D. Mo. Jan. 3, 2023) (finding counsel was not ineffective for failing to argue or recognize the unconstitutionality (in light of *Bruen*) of a pre-*Bruen* conviction under 18 U.S.C. § 922(g)(3) to the extent "counsel is not accountable for unknown future changes in the law") (quoting *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009)) (collecting cases).